IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TODD MUNZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20−cv−959−DWD |
| ) | |
| ALPHONSO DAVID, ) | |
| DR. STEVEN MEEKS, ) | |
| ILLINOIS DEPARTMENT OF CORR. ) | |
| and ) | |
| SHAWNEE CORRECTIONAL ) | |
| CENTER, ) | |
| ) | |
| Defendants. ) | |

# **MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Plaintiff Todd Munz, formerly an inmate of the Illinois Department of Corrections ("IDOC"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Shawnee Correctional Center ("Shawnee"). Plaintiff claims that the Defendants were deliberately indifferent to his serious medical needs and failed to provide appropriate accommodations under the Americans with Disabilities Act.

Plaintiff has filed a Motion for Leave to Proceed *in forma Pauperis.* (Doc. 2). As Plaintiff was a not a prisoner at the time he filed the case, he is entitled to proceed under 28 U.S.C. § 1915(a)(1). The Court is satisfied based on his filing that Plaintiff is indigent, and therefore may proceed without prepayment of his filing fees.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2). *See Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 669 (7th Cir. 2012) ("[W]hen a district court has authorized a plaintiff to proceed in forma pauperis—as happened in this litigation—the court may screen the complaint on the authority of 28 U.S.C. § 1915(e)(2)."). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915(e)(2). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff was classified as disabled in 2014 by the Social Security Administration, suffering from neurological issues impairing his leg function. (Doc. 1, pp. 19-20). Plaintiff arrived at Shawnee in May 2019, but was denied accommodations such as a low-bunk permit by Defendant David and others. (*Id.*). Plaintiff also has hepatitis C, but was refused treatment by David and other staff members. (*Id.*). David also told him on October 24, 2019 that he had liver cirrhosis, which Plaintiff contends was a misdiagnosis. (*Id.*, pp. 15-16).

Based on the allegations in the Complaint, the Court designates the following Counts:

**Count 1:** Eighth Amendment claim for deliberate indifference to a serious

>                  medical need against Defendant David, and
>
> Count 2:         Americans with Disabilities Act/Rehabilitation Act claim against
>                  IDOC

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Discussion

### Initial Dismissals

As an initial matter, several of the putative Defendants must be dismissed. Plaintiff fails to state any claims against Defendant Meeks, the medical director of IDOC. "[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). In order to state a claim against a defendant, a plaintiff must describe what each named defendant did (or failed to do), that violated the plaintiff's constitutional rights. Plaintiff's only allegations regarding Meeks are that he "contacted" Meeks (Doc. 1, p. 12) and that Meeks knew Plaintiff was supposed to be treated (*Id.*, p. 18). Neither of these statements suggest that Meeks was aware of facts which could support personal liability for deliberate indifference. Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

conduct forming the basis of the grievance. *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017).

Additionally, Plaintiff cannot pursue any claims against Shawnee. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). See also *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Plaintiff cannot maintain his claim against Shawnee because it is a division of IDOC, a state government agency. Based on this authority, Shawnee is not a "person" within the meaning of Section 1983. *Will*, 491 U.S. at 71.

Accordingly, Plaintiff's claims against Meeks and Shawnee are **DISMISSED**.

## Count 1

An inmate pursuing an Eighth Amendment deliberate indifference claim must establish: (1) a serious medical condition (objective element); and (2) an official's deliberate indifference to that condition (subjective element). *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). Plaintiff has adequately stated such a claim against David, both for failure to treat his hepatitis C and refusal to issue a low-bunk permit.

## Count 2

Plaintiff also asserts a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* and the Rehabilitation Act, 29 U.S.C. §§ 794-794e. The ADA and Rehabilitation Act prohibit discrimination against qualified individuals because of their

physical or mental disability, including a failure to accommodate a disability. *Jaros v. Illinois Dep't of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012). In order to make out a prima facie case of discrimination under both the ADA and the Rehabilitation Act, a plaintiff must show: (1) that he suffers from a disability as defined in the statutes, (2) that he is qualified to participate in the program in question, and (3) that he was either excluded from participating in or denied the benefit of that program based on his disability. *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005). Plaintiff's allegations regarding the denial of a low bunk permit to accommodate his neurological issues are sufficient to state a prima facie case under the ADA and Rehabilitation Act.

Although Plaintiff's release from prison excludes any injunctive relief, a disabled inmate can sue the State for money damages under Title II of the ADA for "deliberate refusal of prison officials to accommodate [the inmate's] disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs" if the conduct in question also constitutes deliberate indifference in violation of the Eighth Amendment prohibition against cruel and unusual punishment. *United States v. Georgia*, 546 U.S. 151, 157-159 (2006).

Although Plaintiff has named a number of officials in connection with the factual allegations supporting this claim, the only proper defendant in a claim under the ADA or Rehabilitation Act is the state agency (or a state official acting in his or her official capacity). "[E]mployees of the Department of Corrections are not amenable to suit under the Rehabilitation Act or the ADA. *See* 29 U.S.C. § 794(b); 42 U.S.C. § 12131." *Jaros*, 684 F.3d at 670 (additional citations omitted). Count 2 shall proceed against the Director of

5

IDOC (Rob Jeffreys) in his official capacity, and the Clerk shall be directed to substitute Jeffreys for IDOC as a defendant.

## Motion for Recruitment of Counsel

Plaintiff has also submitted a Motion for Recruitment of Counsel (Doc. 3). There is no constitutional or statutory right to counsel for a civil litigant. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Determining whether to appoint counsel is a two-step analysis: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so; and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). The first prong of the analysis is a threshold question. If a plaintiff has made insufficient attempts to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Here, Plaintiff does not state that he has made any attempts to contact attorneys himself. (Doc. 2). Rather, he seems to suggest that the small amount of time allowed outside his cell while incarcerated limited his ability to do so. However, Plaintiff had been released from prison for approximately two months at the time of filing and makes no allegations that he was prevented from seeking counsel during that time. His vague allegation that "friends and family" tried to recruit attorneys is insufficient. As such, Plaintiff's Motion is **DENIED without prejudice**. Should wish to request counsel again, he should submit details regarding his attempts to obtain counsel, including who he applied to, by what means, and whether he received a response.

**Disposition**

Plaintiff's Motion to Proceed *in forma Pauperis* (Doc. 2) is **GRANTED**. The Complaint (Doc. 1) survives initial screening as described above. Defendants Meeks, IDOC and Shawnee are **DISMISSED** without prejudice, and the Clerk of Court is **DIRECTED** to terminate them in the Court's CM/ECF system. The Clerk of the Court is **DIRECTED** to **ADD** Rob Jeffreys as a Defendant in his official capacity only. Plaintiff's Motion to Recruit Counsel (Doc. 3) is **DENIED without prejudice.**

The Clerk of Court shall prepare for Defendants David and Jeffreys: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 27, 2021**

_____
**DAVID W. DUGAN**
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more.  When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.

**Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**